**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LUIS A. BERRIOS, III,               :        CIVIL ACTION
     Plaintiff,                       :
                                      :
v.                                   :        No.   12-cv-7245
                                      :
POLICE OFFICER MICHAEL GENTILE, and :
POLICE OFFICER ROBERT TAVAREZ,       :
     Defendants.                      :

<u>MEMORANDUM</u>

SITARSKI, M.J.                                        February 25, 2016

Presently before this Court is Plaintiff Luis Berrios' motion to set aside the verdict and

grant a new trial.  (ECF No. 69).  Defendants, Police Officers Michael Gentile and Robert

Tavarez, have opposed this motion.  (ECF No. 72).

As more fully set forth herein, Plaintiff's motion is DENIED.


I.       **BACKGROUND**

The facts and procedural posture of this case are well-known to the parties, so the Court

provides only a brief recitation of the details pertinent to the motion at issue.  In this civil rights

lawsuit, Plaintiff alleged federal claims for excessive force and bystander liability, and a state

law claim for excessive force against Defendants, arising from his arrest on December 28, 2010.

(Complaint, ECF No. 1; Order, ECF No. 27).  A four-day jury trial commenced on October 30,

2015.  The jury found in favor of Defendants on all counts.  (Verdict Slip, ECF No. 70).

Following trial, Plaintiff filed the instant motion to set aside the verdict and grant a new

trial.  Plaintiff argues that the Court should set aside the verdict and grant a new trial on six

grounds: (1) the Court improperly sustained Defendants' objections to Plaintiff's opening

statement; (2) the Court improperly precluded Plaintiff from submitting medical records into evidence; (3) the Court improperly precluded testimony from Plaintiff's treating physician; (4) the Court erred by failing to include jury instructions regarding causation; (5) the availability of newly discovered evidence; and (6) the jury improperly disregarded the law and jury instructions based on a post-trial conversation with a juror.  (Pl.'s Mot to Set Aside the Verdict 2-9).

## II.    LEGAL STANDARD

Pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a).  Thus, a court may grant a new trial on grounds of: (1) improper admission or exclusion of evidence; (2) improper instructions to the jury; (3) newly discovered evidence exists that would likely have altered the outcome of the trial; and (4) improper conduct by an attorney or the court unfairly influenced the verdict.  *Murphy v. Radnor Twp.*, No. 11-4743, 2014 WL 2135998, at *2 (E.D. Pa. May 22, 2014) (citations omitted).  The decision to grant a new trial is within the sound discretion of the trial court, and such requests are disfavored.  *Id.* at *2 (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 448 U.S. 33, 36 (1980); *Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1017 (3d Cir. 1995)); *United Nat. Ins. Co. v. Aon Ltd.*, No. 04-539, 2009 WL 2245373, at *5 (E.D. Pa. July 24, 2009).

## III.    DISCUSSION

### A.    Claims of Trial Error

Plaintiff raises four claims of trial error, regarding opening statements, testimony, admission of evidence, and jury instructions.  Where a motion for a new trial is based on trial

court error, the Court must first determine whether an error was made in the course of the trial, and then determine "whether the error was so prejudicial that refusal to grant a new trial would be 'inconsistent with substantial justice.'" *State Farm Mut. Auto. Ins. Co. v. Lincow*, 715 F. Supp. 2d 617, 626 (E.D. Pa. 2010) (quoting *Farra v. Stanley-Bostitch, Inc.*, 838 F. Supp. 1021, 1026 (E.D. Pa. 1993)).

### 1.    Opening Statement

First, Plaintiff contends that the Court improperly sustained Defendants' objections to Plaintiff's opening statement, affecting his substantive rights and prejudicing the jury.  (Pl.'s Mot. to Set Aside the Verdict ¶ 8).  Plaintiff argues that Defendants' objections "prevented [P]laintiff's counsel from informing the jury of [P]laintiff's sexual orientation and the effect that it had on the events that occurred [on December 28, 2010, and] how it related to the causes of action . . . ."  (*Id.* at ¶ 7).

"The purpose of an opening statement is to preview the evidence and make the trial easier for the jury to follow."  *Holmes v. McGuigan*, 184 F. App'x 149, 152 (3d Cir. 2006) (not precedential) (citing *United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring)).  Its scope is narrow.  *Dinitz*, 424 U.S. at 612 (Burger, C.J., concurring).  During opening statements, the parties "set the basic scene for the jurors, introduce them to the core disputes in the case, and provide a general road map of how the trial is expected to unfold." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. 09-290, 2013 WL 4511293, at *4 n.9 (W.D. Pa. Aug. 23, 2013) (citation omitted).  "[I]t is not an occasion for argument."  *Dinitz*, 424 U.S. at 612 (Burger, C.J., concurring).  An attorney may not present statements intended to influence the jury in reaching a verdict, which are not susceptible of proof.  *Id.*; *United States v. DeRosa*, 548 F.2d 464, 470-71 (3d Cir. 1977).

The Court did not err in sustaining Defendants' objections to Plaintiff's opening statement.  At various times during her opening statement, Plaintiff's counsel made comments unrelated to the facts of the case.  The Court properly sustained Defendants' objections to these comments.  Plaintiff's counsel was able to inform the jury of Plaintiff's sexual orientation, and provide a general road map of Plaintiff's theory that his sexual orientation affected the events at issue in this case.  Plaintiff's counsel was precluded only from making arguments and proffering factual statements that were unrelated to the case.  Accordingly, relief is not warranted on this issue.

### 2.    Medical Records

Second, Plaintiff asserts that the Court erred by precluding Plaintiff from submitting medical records from the Pain Management Center into evidence.  (Pl.'s Motion to Set Aside the Verdict ¶ 10).

"Unless justice requires otherwise, no error in admitting or excluding evidence . . . is ground for granting a new trial [or] for setting aside a verdict."  Fed. R. Civ. P. 61.  Thus, unless a party's substantial rights are affected, a non-constitutional error in a civil case is harmless. *State Farm*, 715 F. Supp. 2d at 635 (quoting *Linkstrom v. Golden T. Farms*, 883 F.2d 269, 269 (3d Cir. 1989)); *see* Fed. R. Civ. P. 61.  The party contending that the exclusion of evidence was error has the burden of demonstrating substantial injustice or prejudicial error.  *State Farm*, 715 F. Supp. 2d at 635; *United Nat. Ins. Co.*, 2009 WL 2245373, at *7.  Otherwise, "it is the court's duty to respect a plausible jury verdict," and relief is not warranted.  *State Farm*, 715 F. Supp. 2d at 635 (quoting *Montgomery Cnty. v. MicroVote Corp.*, 152 F. Supp. 3d 784, 795 (E.D. Pa. 2001)).

Plaintiff's simply states that the "Court precluded [him] from submitting the [medical records from the Pain Management Center] into evidence despite the fact that one of [P]laintiff's treating physicians came to trial."  (Pl.' Mot to Set Aside the Verdict ¶ 10).  He does not provide any explanation or argument establishing substantial injustice or prejudicial error resulting therefrom.  Therefore, Plaintiff's conclusory argument that the Court erred by precluding him from submitting into evidence medical records from the Pain Management Center does not warrant relief.

### 3. Plaintiff's Treating Physician Testimony

Next, Plaintiff argues that his treating physician's testimony was improperly limited.  His treating physician from Pain Management Center was permitted to testify as a records custodian; however, Plaintiff argues that she should have been permitted to testify regarding Plaintiff's treatment.  (Pl.'s Mot. to Set Aside the Verdict ¶¶ 10-11).

"It is within [the Court's] discretion to exclude a witness from testifying who was not identified in a pretrial [memorandum]."  *Anderson v. Consol. Rail Corp.*, No. 98-6043, 2001 WL 177068, at *3 (E.D. Pa. Jan. 26, 2001) (citing *Fashauer v. N.J. Transit Rail Operations, Inc.*, 57 F.3d 1269, 1287 (3d Cir. 1995); *Semper v. Santos*, 845 F.2d 1233, 1238 (3d Cir. 1988)).  Factors a court considers in determining whether to allow a party to call a witness are: the prejudice or surprise in fact of the party against whom the excluded witness would have testified; the ability of that party to cure the prejudice; the extent to which waiver of the rule against calling an unlisted witness would disrupt the orderly and efficient trial of the case; bad faith or willfulness in failing to comply with the court's order; ability to have discovered the witness earlier; the validity of the excuse; and any intent to mislead.  *Consultnet Computing, Inc. v. Moore*, 631 F.

Supp. 2d 614, 624 (E.D. Pa. 2008) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)).

Here, Plaintiff never identified a treating physician as a witness, either in his pretrial memorandum, or at the pretrial conferences held on October 13, 2015 and October 30, 2015. (*See* Pl.'s Pretrial Mem. 5-6, ECF No. 43).  In his pretrial memorandum, the only witness Plaintiff identified regarding Pain Management Center was "Custodian of records, Philadelphia Pain Management."  (*See id.* at 5, 8).  Plaintiff did not inform the Court or opposing counsel that he wished to call his treating physician to testify about his treatment until the treating physician was about to be called to the stand.  Thus, "[D]efendants had been effectively precluded from the opportunity to obtain discovery concerning [the treating physician's] treatment, findings, or prospective testimony."  *Semper*, 845 F.2d at 1237 (stating "had the witness been permitted to testify, defendant "would have profited from [his] own failure to comply with the [pretrial] deadlines.").  Plaintiff did not offer any reason for his failure to comply with the Court's Order regarding identification of trial witnesses.  Plaintiff merely argues that the Court's "denying the treating physician from testifying as to [P]laintiff's treatment was not harmless and, therefore violated Federal Rule[] of Civil Procedure[] 61, affecting [P]laintiff's substantive rights."  (Pl.'s Mem. 2).  He does not explain how "justice requires" a new trial as a result of the Court limiting the treating physician's testimony.  *See* Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence . . . is ground for granting a new trial [or] for setting aside a verdict.").  Accordingly, the Court did not err in limiting the treating physician's testimony, and relief is not warranted on this ground.

### 4.      Jury Instructions

Fourth, Plaintiff argues that the Court erred by giving incomplete jury instructions.  (Pl.'s Mem. of Law 3).  Plaintiff alleges that the Court failed to give his requested instructions regarding causation.  (Pl.'s Mot. to Set Aside Verdict ¶ 16).

The Court has broad discretion in composing jury instructions.  *State Farm*, 715 F. Supp. 2d at 638 (citing *Harrison v. Otis Elevator Co.*, 935 F.2d 714, 717 (5th Cir. 1991)).  Thus, "[n]o litigant has a right to a jury instruction of [his] choice, or precisely in the manner and words of [his] own preference."  *Douglas v. Owens*, 50 F.3d 1226, 1233 (3d Cir. 1995).  A court commits reversible error only if the jury instructions, taken as a whole, "fail[] to fairly and adequately present the issues in the case without confusing or misleading the jury."  *Charles Novins, Esq. P.C. v. Cannon*, 557 F. App'x 155, 159 (3d Cir. 2014) (not precedential) (citing *Donlin v. Philips Lighting N. Am. Corp.,* 581 F.3d 73, 79 (3d Cir.2009)); *see United States v. Tiller*, 302 F.3d 98, 104 (3d Cir. 2002); *Douglas*, 50 F.3d at 1233.

The Court instructed the jury on Plaintiff's claims, almost verbatim, from the Third Circuit's Model Civil Jury Instructions, as well as the Pennsylvania Suggested Standard Civil Jury Instructions.  The jury instructions, taken as a whole, adequately and accurately provided guidance to the jury and explained the law, to which the jury applied their factual findings to reach a verdict.  *See United States v. Petersen*, 622 F.3d 196, 208 (3d Cir. 2010) (stating that the court "ha[s] a hard time concluding that the use of . . . model jury instruction[s] can constitute error.").  Thus, the Court did not err in failing to provide Plaintiff's requested instruction on causation.[1]

---

[1]  Moreover, Plaintiff does not identify the requested causation instructions in his brief; he also did not submit proposed jury instructions to the Court.  (*See* Pl.'s Mot. to Set Aside the Verdict ¶ 16; Pl.'s Mem. of Law  3; Defs.' Proposed Jury Instructions, ECF No. 48).

## B.        Newly Discovered Evidence

Plaintiff's fifth argument in support of setting aside the verdict and granting a new trial is based on evidence that was not available at trial.  (Pl.'s Mot. to Set Aside the Verdict ¶ 12). Plaintiff states that "beginning on or about October 14, 2015, [Plaintiff] personally attempted to get in touch with Jason Mendez[2] in order to ascertain whether or not he would need to be subpoenaed to come to court."  (*Id.*).  After leaving numerous messages for Mr. Mendez, Mr. Mendez's boyfriend informed Plaintiff on October 31, 2015, that Mr. Mendez had been ill and was hospitalized.  (*Id.*).  Plaintiff now contends that after the trial in November 2015, Mr. Mendez contacted Plaintiff and informed him that Mr. Mendez' current boyfriend had "lied" to Plaintiff, and Mr. Mendez had never received his messages.  (*Id.*).  Therefore, Plaintiff argues that "a new trial should be granted so that [Plaintiff] can present [Mr. Mendez's] testimony[,] as [he] had no way of locating [Mr. Mendez]."  (*Id.*).  Plaintiff asserts that Mr. Mendez's testimony is "required . . . in order for [P]laintiff to prove liability of the defendants under the theory of bystander liability [and excessive force]" because all of Plaintiff's claims are relevant to "evidence pertaining to the arrest and force used on his then boyfriend, Jason Mendez."  (Pl.'s Mem. of Law 2, ECF No. 69).

Pursuant to Rule 59 and 60(b), newly discovered evidence can give rise to relief from a judgment or order.[3]  *Compass Tech., Inc. v. Tseng Labs.*, 71 F.3d 1125, 1130 (3d Cir. 1995).  "A party is entitled to a new trial . . . if [the new] evidence is (1) material and not merely cumulative,

---

[2]  Jason Mendez is Plaintiff's ex-boyfriend, who was involved in an altercation with Plaintiff the evening of December 28, 2010, which led to his and Plaintiff's arrest.  (Pl.'s Mem. of Law 2, ECF No. 26).  Mr. Mendez is not a party in this case.

[3]  Rule 59 and 60(b)(2) share the same standard for granting relief on the basis of newly discovered evidence.  *Tseng Labs.*, 71 F.3d at 1130.

(2) could not have been discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably change the outcome of the trial." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (emphasis in original); *see Tseng Labs.*, 71 F.3d at 1130.  The party requesting relief based on new evidence "'bears a heavy burden', which requires 'more than a showing of the potential significance of the new evidence.'" *Bohus*, 950 F.2d at 930 (quoting *Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967)).

Plaintiff has not demonstrated that testimony from Mr. Mendez "would probably change the outcome of the trial." *See Bohus*, 950 F.2d at 930.  He has not provided an affidavit from Mr. Mendez.  (*See* Pl.'s Mot. to Set Aside Verdict 1-5; Pl.'s Mem. of Law 1-3).  Plaintiff simply states that "evidence pertaining to the arrest and force used on . . . [Mr.] Mendez is relevant to all of . . . [P]laintiff['s] claims," (Pl.'s Mem. of Law 2), which is merely "a showing of the potential significance of the new evidence," *Bohus*, 950 F.2d at 930.  Thus, Plaintiff has failed to "bear his heavy burden," and is not entitled to relief based on "new evidence." *Id.*; *see, e.g.*, *Felix v. Metro. Life Ins. Co.*, No. 91-5239, 1994 WL 273396, at *4 (D.N.J. June 17, 1994) (plaintiff failed to meet heavy burden by failing to submit an affidavit); *In re Leonetti*, 28 B.R. 1003, 1010 (Bankr. E.D. Pa. 1983) (denial of new trial affirmed because failed to establish that the additional testimony constituted newly discovered evidence).

Moreover, Plaintiff has failed to demonstrate that Mr. Mendez's whereabouts or potential testimony "could not have been discovered prior to trial through the exercise of reasonable diligence." *See Bohus*, 950 F.2d at 930.  The case was originally scheduled for trial on May 19, 2015.  (Order, ECF No. 27).  After the case was consented to the undersigned, the Court moved the trial date to October 13, 2015, to accommodate the schedule of Plaintiff's counsel.  (Order, ECF No. 40).  On October 13, 2015, the date trial was to commence, Plaintiff's counsel

requested a continuance because she was ill.  (*See* Minute Sheet, ECF No. 57).  The Court

granted the continuance, and the trial was rescheduled to commence on October 30, 2015.

Despite the fact that trial was originally to commence on May 19, 2015, and then on October 13,

2015, Plaintiff did not "personally attempt to get in touch with [Mr.] Mendez in order to

ascertain whether or not he would need to be subpoenaed to come to court" until "on or about

October 14, 2015."  (Pl.'s Mot. to Set Aside Verdict ¶ 12).  Plaintiff fails to show that he even

attempted to locate Mr. Mendez prior to October 14, 2015, and therefore cannot demonstrate he

exercised of reasonable diligence in contacting Mr. Mendez.  *See Favors v. United States*, No.

02-9496, 2004 WL 1631417, at *2 (E.D. Pa. July 21, 2004) (denying relief based on newly

discovered evidence because plaintiff did not demonstrate due diligence in locating individuals

with relevant information).

### C.      Post-trial Conversation with Juror

Plaintiff's final argument to set aside the verdict and grant a new trial is based on post-

trial comments made by a juror to Plaintiff's counsel.  (Pl.'s Mot to Set Aside the Verdict ¶¶ 13-

14).  Plaintiff claims that based on this conversation, it was apparent that the jury disregarded the

Court's instruction to consider circumstantial evidence, made a decision against the weight of the

evidence, and/or wished for direct evidence which did not exist.  (*Id.* at ¶ 14; Pl.'s Mem. of Law

2-3).

Federal Rule of Evidence 606(b) provides:

> During an inquiry into the validity of a verdict or indictment, a
> juror may not testify about any statement made or incident that
> occurred during the jury's deliberations; the effect of anything on
> that juror's or another juror's vote; or any juror's mental processes
> concerning the verdict or indictment. The court may not receive a
> juror's affidavit or evidence of a juror's statement on these matters.
> [Except, a] juror may testify about whether: (A) extraneous
> prejudicial information was improperly brought to the jury's

> attention; (B) an outside influence was improperly brought to bear
> on any juror; or (C) a mistake was made in entering the verdict on
> the verdict form.

Fed. R. Evid. 606(b).  "This rule is intended to 'promote finality of verdicts, encourage free deliberation among jurors, [] maintain the integrity of the jury as a judicial decision-making body,'" and discourage harassment of jurors by losing parties eager to have the verdict set aside. *United States v. Flemming*, 223 F. App'x 117, 124 (3d Cir. 2007) (not precedential) (quoting *United States v. Lloyd*, 269 F. 3d 228, 237 (3d Cir. 2001)); *Marcavage v. Bd. Of Trustees of Temple Univ.*, 400 F. Supp. 2d 801, 805 (E.D. Pa. 2005).

Plaintiff presents no evidence of extraneous prejudicial information, improper outside influence, or mistake on the verdict form.  (*See* Pl.'s Mot to Set Aside the Verdict ¶¶ 13-14; Pl.'s Mem. of Law 2-3).  Thus, any inquiry regarding the juror's alleged misunderstanding of the jury instruction is barred by Rule 606(b).  *See Flemming*, 223 F. App'x at 124.  Accordingly, relief is not warranted on this ground.  *See United States v. Morris*, 570 F. App'x 151, 154 (3d Cir. 2014) (not precedential) (affirming court's decision to decline to correct a verdict based on evidence related to the jury's understanding and application of the court's jury instructions).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to set aside the verdict is denied.  An appropriate order follows.

BY THE COURT:


 /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

11